# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES THOMAS,  
    Plaintiff,

vs.

OFFICER HICKS, et al.,  
    Defendants.

Case No. 1:14-cv-328

Barrett, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Hamilton County Justice Center (HCJC) in Cincinnati, Ohio, brings this prisoner civil rights action under 42 U.S.C. § 1983 against Hamilton County, Ohio Sheriff Jim Neil and Deputy Sheriffs Hicks and Wilburn. In the complaint, plaintiff alleges multiple constitutional violations stemming from an alleged attack occurring on April 4, 2014 at the HCJC. This matter is before the Court on plaintiff's motion to proceed *in forma pauperis*. For the reasons that follow, plaintiff's motion should be denied.

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This Court has previously found that plaintiff is prevented by the PLRA from filing any civil actions in this Court *in forma pauperis* since he has filed a multitude of lawsuits in this Court, at least three of which were frivolous or malicious, or failed to state a claim upon which relief could be granted. *See Thomas v. Wilkinson*, Case No. 1:05-cv-372 (S.D. Ohio June 21, 2005)

(Doc. 12). *See also Thomas v. Ishee,* Case No. 4:99-cv-672 (N.D. Ohio March 23, 2001) (Docs. 115, 118); *Thomas v. Green*, Case No. 4:98-cv-2823 (N.D. Ohio Feb. 2, 1999) (Doc. 9); *Thomas v. Fry*, Case No. 1:98-cv-629 (S.D. Ohio Nov. 17, 1998) (Docs. 12, 13); *Thomas v. Bush*, Case No. 1:98-cv-326 (S.D. Ohio May 5, 1998) (Docs. 4, 5); *Thomas v. Benner*, Case No. 1:97-cv-1028 (S.D. Ohio Nov. 17, 1997) (Docs. 4, 5). Plaintiff's previous frivolous dismissals prevent him from filing this action *in forma pauperis*.

In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g). The Court is unable to discern from plaintiff's complaint any facts indicating he is under imminent danger of serious physical injury. Under the plain language of the statute, plaintiff must be "in imminent danger at the time that he seeks to file his suit in district court" to qualify for the exception to the three strike provision of § 1915(g). *See Abdul Akbar v. McKelvie*, 239 F.3d 307, 311 (3rd Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Plaintiff has failed to allege particular facts showing any immediate or specific danger of future serious physical injury. Therefore, plaintiff does not meet the exception to section 1915(g).

For these reasons, plaintiff's motion to proceed *in forma pauperis* should be denied under 28 U.S.C. § 1915(g).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion to proceed *in forma pauperis* be **DENIED.**

2. Plaintiff be ordered to pay the $400 filing fee within thirty (30) days, and that plaintiff be notified that his failure to pay the full filing fee within thirty days will result in the dismissal of

his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Date: 4/25/14

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES THOMAS,  Case No. 1:14-cv-328
    Plaintiff,

                              Barrett, J.
vs.                           Litkovitz, M.J.

OFFICER HICKS, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).