UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES THOMAS, | CASE NO.: 1:14-cv-328 |
|     Plaintiff, | Barrett, J. |
| | Litkovitz, M.J. |
|   v. | |
| OFFICER HICKS, et al., | |
|     Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge ("Report").  (Doc. 2).  The Report recommends denying Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) because Plaintiff has been barred by this Court from filing any civil actions *in forma pauperis* due to the multitude of lawsuits filed in this Court, at least three of which were frivolous or malicious, and failed to state a claim upon which relief could be granted, and because the imminent danger exception to that bar does not apply here.  Plaintiff filed timely objections to the Report.  (Doc. 5).

When objections to a magistrate judge's report and recommendation are received on a non-dispositive matter, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.  Fed. R. Civ. P. 72.  When objections to a magistrate judge's report and recommendation are received on a dispositive matter, however, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C.

1

§ 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a plaintiff appearing pro se will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, Plaintiff appears to make three primary objections to the Report. None of those objections alter the correct conclusion of the Magistrate Judge that Plaintiff should be denied leave to proceed *in forma pauperis* in this action.

First, Plaintiff argues that he should not be denied leave to proceed *in forma pauperis* based upon the three-strikes rule because several of his prior cases were filed under an Ohio Department of Rehabilitation and Correction inmate number rather than under the Hamilton County Justice Center's prisoner identification number. (Doc. 5, PageID 42). It is immaterial, however, which inmate number was assigned to Plaintiff at the time he filed the lawsuits that formed the basis for application of the three-strikes rule. The fact remains that Plaintiff filed those lawsuits, and at least three of them were frivolous, malicious or failed to state a claim upon which relief could be granted. (Doc. 2, PageID 27-28) (citing relevant cases).

Second, Plaintiff argues that he should not be denied leave to proceed *in forma pauperis* based upon the three-strikes rule because his prior lawsuits were not frivolous and one of the cases had claims that survived the initial dismissal (*Thomas v. Ishee*, Case No. 4:99-cv-672 (N.D. Ohio Mar. 23, 2001)). Upon review, the Court agrees with the holding of the Magistrate Judge (Doc. 2, PageID 27-28) that Plaintiff has filed a multitude of lawsuits, at least three of which were frivolous, malicious, or failed to state a claim upon which relief could be granted. *See Thomas v. Wilkinson,* Case No. 1:05-cv-372 (S.D. Ohio June 21, 2005); *see also Thomas v.*

*Ishee*, Case No. 4:99-cv-672 (N.D. Ohio Mar. 23, 2001); *Thomas v. Green*, Case No. 4:98-cv-2823 (N.D. Ohio Feb. 2, 1999); *Thomas v. Fry*, Case No. 1:98-cv-629 (S.D. Ohio Nov. 17, 1998); *Thomas v. Bush*, Case No. 1:98-cv-326 (S.D. Ohio May 5, 1998); *Thomas v. Benner*, Case No. 1:97-cv-1028 (S.D. Ohio Nov. 17, 1997).  Even if the Court excluded from consideration the Northern District of Ohio case with which Plaintiff takes issue, the three-strikes rule still would be applicable.

Third, Plaintiff argues that he should not be denied leave to proceed *in forma pauperis* based upon the three-strikes rule because the statutory exception set forth in 42 U.S.C. § 1915(g) applies.  Plaintiff asserts throughout his objections that he is in "imminent threat and danger of serious physical injury," pointing to the April 7, 2014 attack described in his Complaint and Motion for Injunction.  However, upon review of the Complaint and Motion for Injunction, the undersigned finds no error by the Magistrate Judge in failing to discern any facts indicating Plaintiff is in imminent danger of serious physical injury.  Plaintiff's conclusory allegations of "imminent danger" are insufficient.  As such, the undersigned agrees that Plaintiff's current lawsuit does not qualify for the exception to the three-strikes provision of § 1915(g).

Accordingly, the Court hereby **OVERRULES** Plaintiff's Objections (Doc. 5) and **ADOPTS** the Report of the Magistrate Judge (Doc. 2).  Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) is therefore **DENIED**, and Plaintiff is **ORDERED** to pay the $400 filing fee within thirty (30) days.  Plaintiff is notified that his failure to pay the full filing fee within thirty days will result in the dismissal of his action.  *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

**IT IS SO ORDERED.**

                                                            s/Michael R. Barrett
                                                            JUDGE MICHAEL R. BARRETT
                                                            UNITED STATES DISTRICT COURT